**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, PA 19002
Attorney of Record: Amy L.B. Ginsburg (AB0891)
Attorney for Plaintiff

*Attorneys for Plaintiff, Ellen Fensterer,*
*and all others similarly situated*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN FENSTERER, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>--and--<br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT AND DEMANF FOR JURY TRIAL

Plaintiff, Ellen Fensterer, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action against Defendant, Capital One, N.A. ("Capital One") for violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8, *et. seq*., unjust enrichment, conversion, fraudulent misrepresentation, and breach of contract. In support of this Complaint, Plaintiff avers as follows:

### I. PRELIMINARY STATEMENT

1. Defendant's Capital One Venture Card entices consumers to open an account in large part to earn rewards points every time the credit card is used. Consumers can redeem points

for various purchases, combine points and cash and, most specifically, use points or points and cash to purchase airlines tickets and hotel stays. If a Capital One Venture Card holder does not have enough points on their account, a cash payment can be used to bridge the difference to secure the desired travel purchase.

2. Beginning on or about March 2020, the Coronavirus Disease 2019 ("COVID-19) pandemic caused airlines to cancel flights most especially trips outside of the United States. Hotel stays have been affected for the same reasons with many hotels closed for business. As a result of the near total shut down of the airline and travel industry, consumers holding tickets for flights that were canceled as a result of the COVID-19 pandemic were unable to use what they had purchased.

3. As to tickets secured using Defendant's Capital One Venture Card travel services specifically, such consumers were instructed to call a special phone number instead of being furnished a refund. Defendant knew that the number it instructed card members to call was insufficiently staffed and would and did result in hours-long phone delays, misinformation, delayed action and inadequate solutions. When customers were able to finally reach a representative of Defendant card members were told that they would only be given airline-specific travel vouchers which included limitations and arbitrary deadlines for use, without regard to the wishes of the card member.

4. Plaintiff purchased tickets for herself and her family to travel and visit her child studying abroad and the flight was cancelled due the travel restrictions set forth above. The tickets cost her approximately $5,000 in cash and additional consideration in rewards points to secure them. Upon information and belief, the retail value of the tickets Plaintiff purchased totaled approximately $18,000.

5. After the fights had been cancelled by the airline, Plaintiff was finally able to reach a representative of Defendant by phone after numerous attempts and hour upon hour of wait time, but was provided inaccurate and incomplete information in separate calls. She was also hung up on, told that her claim was "under review" and told that she would be "hearing from someone shortly", but none of what she was told by the Capital One representatives came to fruition.

6. Like other Capital One Venture Card members, Plaintiff was refused everything other than a voucher that was of no practical use as the she only purchased the tickets to visit her child while she was studying abroad. There was no desire, plan or intention to travel for any other purpose in the future and there was no desire to create a travel plan in the future simply to make use of a travel voucher.

7. Further, since the cancelation of the flight, the outlook for overseas travel is at best uncertain and unknown, and fraught with health risks, incubation requirements and with many destinations either unable or unwilling to state when and if foreign travelers will be permitted. All of these factors make a travel voucher worth even less than it otherwise might be.

8. Defendant's conduct has caused Plaintiff and all similarly-situated persons to either accept a voucher for travel that is impractical, unwanted or unneeded, non-transferable and worth far less than what was purchased or receive nothing at all. Defendant's actions have resulted in substantial monetary and other actual losses, including loss of rewards points, time and effort spent trying to reach Defendant's travel department and other deprivation of card member rights and benefits.

9. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically

pertaining to herself, which are based on personal knowledge.

## II. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

11. This Court has general jurisdiction over Defendant, which conducts substantial business within New Jersey, and thus has significant, continuous, and pervasive contacts with the State.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Plaintiff suffered the alleged harm in this district.

## III. PARTIES

13. Plaintiff, Ellen Fensterer, is a citizen and resident of Voorhees, Camden County, New Jersey.

14. Defendant is a corporation with national headquarters located at 1680 Capital One Drive McLean Virginia, 22101.

## IV. FACTS CONCERNING THE PARTIES

15. On January 9, 2020, Plaintiff purchased three (3) airline tickets for travel to occur on April 3, 2020, returning April 13, 2020, traveling to Athens, Greece to visit Plaintiff's daughter while she studied abroad. The travel was to be on British Airways originating from New York, with a connecting flight in London.

16. The tickets were purchased through Capital One Venture Card Rewards. Plaintiff

applied Reward Miles on her account and charged $4,906.31 to her Capital One Venture Card to make the purchase.

17. On March 11, 2020, United States President Donald Trump instituted a travel ban for flights from Europe to start on March 13, 2020 and continue for thirty (30) days.

18. On March 12, 2020, Plaintiff called the Capital One Venture Travel customer service number and was instructed to wait two (2) more weeks to see if her flights would be cancelled and if so, a refund would be automatically be issued by British Airways.

19. Plaintiff called Capital One Venture Travel again on March 25, 2020, and due to wait times, spent the next thirteen (13) hours waiting for a representative. When one finally answered, Plaintiff was told that British Airways was only offering travel vouchers which were only valid through January 9, 2021.

20. On April 3, 2020, Plaintiff called British Airways directly and was told that assistance could not be offered because the tickets were purchased through Capital One, not the airline directly. Plaintiff had learned during this call that purchases through the airline itself are refunded for cancelled flights, even if only one leg was cancelled.

21. Plaintiff then contacted Capital One again but learned that neither her rewards points nor credit card charges for the tickets would be refunded.

22. Plaintiff checked the terms and conditions listed on Capital One's website but saw that the only relevant information concerned ticket purchases made directly with the airlines and not the travel services. The pages provided contact information for the airlines and set forth a dispute procedure only.

23. Capital One has received substantial consideration for Plaintiff's purchases and has charged her for flights later cancelled by the airline because of the COVID19 Pandemic.

24. Capital One handled flight cancellation services poorly for card members, so much so that consumers, including Plaintiff, have been left without either travel and without a refund and/or reversal of charges and return of Rewards points. In short, Capital One Venture Card has received a windfall of from consumers that it has neither returned nor expressed any intention of returning in the future, entitling Plaintiff and other similarly-situated individuals to seek damages for recovery of same.

## V. CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), b(3).

26. This claim is brought on behalf of a Class consisting of all Capital One Venture Card holders in the state of New Jersey who purchased airline travel using their Capital One Venture Card for travel on flights that later were cancelled as a result of COVID-19 travel restrictions.

27. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of the Defendant's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

28. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitations to particular issues, as discovery and the orders of this Court warrant.

29. The identities of all class members are readily ascertainable from the Capital One's records.

30. Plaintiff's claims are typical of the class members, as all are based on the same

facts and legal theories.

31. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

32. This action has been brought, any may be properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- a. <u>Numerosity</u>: Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than 100 and exceeds the number required for jurisdiction under 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Given the thousands of flight cancellations made as a result of COVID-19, that number greatly exceeds the number to make joinder possible. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.
- b. <u>Common Questions Predominate</u>: Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to, whether Defendant has refused to offer refunds and whether it has breached its contract with its customers or otherwise acted unlawfully.
- c. <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of the Class

    in that the named Plaintiff was charged fees and suffered losses. Plaintiff an all Class Members have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. <u>Adequacy</u>: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

e. <u>Superiority</u>: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervisor by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

33. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## VI. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J. STAT. ANN. § 56:8, *et seq.*

35. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as it fully set forth herein.

36. Defendant made intentional misrepresentations to Plaintiff and the Class Members regarding their inability to receive refunds for their cancelled travel and that the airline was only able to give travel vouchers.

37. Said misrepresentation by Defendant was an unconscionable consumer practice.

38. Plaintiff and the Class Members reasonably relied on Defendant's intentional misrepresentations.

39. Defendant's representations proximately caused damage to Plaintiff and the Class Members.

40. By misrepresenting that Plaintiff and the Class Members were only entitled to travel vouchers, Defendant financially damaged Plaintiff and members of the Class.

41. The actions of Defendant entitle Plaintiff and other Class Members to a full refund of all consideration paid, plus interest and attorney fees and costs.

42. Further, as a result of the foregoing, Plaintiff and Class Members suffered and will continue to suffer ascertainable losses and other damages as described in detail in paragraphs 15 through 24 of this Class Action Complaint, and are entitled to treble damages as provided by N.J.S.A. § 56:18-19.

## VII.   SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

43. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as it fully set forth herein.

44. Capital One has benefitted from its unlawful acts by retaining the payments used to purchase travel tickets which have been cancelled. Retentions of those monies under these circumstances is unjust and inequitable because Capital One charged consumers full price for travel and fees for travel that they can now not take due to a global pandemic.

45. Because Defendant's retention of the non-gratuitous benefits conferred by Plaintiff and other members of this Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## VIII.   THIRD CAUSE OF ACTION
## CONVERSION

46. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as it fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

48. Defendant had wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and members of the class by limiting passengers on cancelled flights to a travel voucher which must be used within one (1) year while Defendant has unlawfully retained the monies Plaintiff and the Class Members paid for tickets on cancelled flights.

49. Defendant deprived Plaintiff and the other members of the Class of the value they paid for the tickets on cancelled flights as well as their right to a refund.

50. Plaintiff and members of the Class have requested and/or demanded that Defendant issue refunds for cancelled flights.

51. This interference with the rights and services for which Plaintiff and the members of the Class paid damaged Plaintiff and the members of the Class, in that they purchased tickets, and, as such, Defendant has deprived Plaintiff and members of the Class of the right to their property, in this case, the amounts paid for tickets on cancelled flights.

52. Plaintiff and members of the Class are entitled to a refund of the full amount paid for tickets on cancelled flights.

### IX.   FOURTH CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION

53. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as it fully set forth herein.

54. During the COVID19 Pandemic, Defendant has intentionally allowed wait times on hold to increase to unreasonable levels and instructed customer service representatives speaking to consumers ("Class Members") to furnish misleading information in hopes of confusing consumers and reducing and/or avoiding issuance of refunds to which the consumers are entitled for all flights cancelled as a result of the COVID19 Pandemic.

55. Defendant intentionally mispresented to Plaintiff and Class Members that

passengers on cancelled flights are limited to rebookings or travel vouchers when no such limitation existed at the time of purchase.

56. Defendant's representations were made with the intent that Plaintiff and Class Members rely upon the misstatements in accepting rebookings instead of pressing for a refund.

57. Plaintiff and the Class Members relied on Defendant's representations.

58. The reliance by Plaintiff and the Class Members on Defendant's representations was reasonable.

59. Defendant's representations proximately caused damage to Plaintiff and the Class Members.

60. By misrepresenting that Plaintiff and the Class Members were only entitled to travel vouchers, Defendant financially harmed Plaintiff and Class Members, causing damages.

### X. FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT

61. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as it fully set forth herein.

62. Defendant and Class Members, including Plaintiff, entered into valid contracts for Defendant to provide airline travel tickets via third parties and in exchange Plaintiff and Class Members would pay money and/or travel reward points and/or a combination of the two, to complete the transaction.

63. Defendant's services carried with it the obligation to refund all consideration paid by Plaintiff and Class Members should flights be cancelled as a result of unforeseen world events, specifically the COVID19 Pandemic.

64. Plaintiff and the Class Members purchased tickets for travel services with the Defendant in reliance that cancelled flights would entitle them to a full refund.

65. Defendant breached its obligations owed to Plaintiff and Class Members by failing after-the-fact to provide a full refund for travel cancelled because of the COVID-19 Pandemic.

66. As a result of Defendant's failure to perform the contract, Plaintiff and other Class Members have been damaged and did not receive the paid for benefits, refund, and/or performance to which they each and all were entitled.

67. As a result, Plaintiff and the Class Members are entitled to fair compensation in the form of full refunds for all tickets, fees, taxes, and interest that Defendant charged and/or collected..

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members request that the Court enter and order or judgment against Defendant including:

1) A certification of the action as a class action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of his counsel as Class Counsel;

2) Damages and refunds in the amount of all consideration paid, in cash, points or a combination of both as may be, for airline travel using the Capital One Venture Travel Card;

3) Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited;

4) Pre-judgement and post-judgement interest on such monetary relief;

5) Injunctive relief, including an order enjoining Defendant from retaining refunds for cancelled flights;

6) The cost of bringing this suit, including reasonable attorney's fees; and

7) All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

Dated: May 5, 2020

By: */s/ Amy L.B. Ginsburg*
*Amy L.B. Ginsburg, Esq.*
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Email: teamkimmel@creditlaw.com

*Attorneys for Plaintiff, Ellen Fensterer, and all others similarly situated*

`