[Docket No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELLEN FENSTERER, an individual; on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>    Defendant. | Civil No. 20-5558(RMB/KMW)<br><br>**OPINION** |

APPEARANCES:

Kimmel & Silverman, P.C.
By:  Amy Lynn Bennecoff Ginsburg, Esq.
     Jacob U. Ginsburg, Esq.
30 East Butler Pike
Ambler, PA 19002
        *Attorneys for Plaintiff*

McGuire Woods LLP
By:  Philip Andrew Goldstein, Esq.
1251 Avenue of the Americas
20th Floor
New York, NY 10020
        *Attorney for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

   Before the Court is Defendant Capital One Bank (USA), N.A.'s ("Defendant" or "Capital One") Motion to Dismiss the First Amended Class Action Complaint. [Docket No. 28] For the reasons discussed herein, the Court will grant this motion.

1

### I. BACKGROUND

This dispute concerns the COVID-19 pandemic and various safety measures taken to reduce the global spread of the virus. In January 2020, Plaintiff Ellen Fensterer ("Plaintiff" or "Fensterer") purchased three British Airways airline tickets from New York to Athens, Greece scheduled for April 3, 2020, with a return flight booked for April 13, 2020. [Docket No. 5, at ¶ 15]. Plaintiff bought these tickets through Capital One Venture Card Rewards. [Id. at ¶ 16]. In total, Plaintiff charged $4,906.31 to her Capital One credit card and redeemed rewards points for the airline tickets. [Id.].

In March 2020, President Donald Trump signed a COVID-19 travel restriction, which significantly limited travel between the United States and Europe. This restriction went into effect on March 13, 2020 and was scheduled to last for 30 days. [Id. at ¶ 17]. As a result, Plaintiff would be unable to use her airline tickets.

Plaintiff alleges that she first contacted Capital One shortly after the travel restrictions were announced. [Id. at ¶ 18]. Although Plaintiff spoke with a Capital One representative, she was told to contact customer service again in two weeks. [Id.]. About two weeks later, Plaintiff called Capital One again. [Id. at ¶ 19]. On this call, Plaintiff spoke with another Capital One representative, who purportedly informed Plaintiff

that British Airways was offering only travel vouchers and not cash refunds. [Id.]

Plaintiff then called British Airways. [Id. at ¶ 20]. During this call, Plaintiff learned that because she purchased her tickets through Capital One, British Airways would not assist her. [Id.]. The representative did, however, allegedly inform Plaintiff that all customers who booked directly through British Airways would receive a full refund, not a voucher. [Id.]. The Complaint then alleges that Plaintiff contacted Capital One again, who now told her that "neither her rewards points, nor credit card charges for the tickets would be refunded." [Id. at ¶ 21].

In this putative class action, Plaintiff seeks to bring a claim "on behalf of a Class consisting of all Capital One Venture Card holders in the state of New Jersey who purchased airline travel using their Capital One Venture Card for travel on flights that later were canceled as a result of COVID-19 travel restrictions." [Id. at ¶ 26]. She alleges violations of the New Jersey Consumer Fraud Act, Unjust Enrichment, Conversion, Fraudulent Misrepresentation, and Breach of Contract. In its present motion, Defendant seeks to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Docket No. 28].

## II. SUBJECT MATTER JURISDICTION

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because British Airways has fully refunded Plaintiff's purchase. [Docket No. 28-1, at 3]. After British Airways approved this refund, Capital One then "processed that refund and credited Fensterer's Capital One account for the exact amount of cash and reward points that Fensterer used to purchase the cancelled flight tickets." [Id.] This, Defendant concludes, moots this dispute.

In response, Plaintiff argues that any alleged refund is outside the four corners of the complaint and cannot be considered in resolving Defendant's motion. [Docket No. 30, at 4]. Plaintiff then contends that, even if the Court finds that she received a refund, she still has a concrete interest in the outcome of the case and, because she has alleged claims that relate back, she can still serve as an adequate class representative. [Id. at 5-6].

This Court has jurisdiction over "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. A "corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013). So, if an intervening circumstance "deprives the plaintiff of a personal stake in the

outcome of the lawsuit, at any point during litigation," then "the action can no longer proceed and must be dismissed as moot." Id. (internal quotation marks omitted). Indeed, the Court can "entertain actions only if they present live disputes, ones in which both sides have a personal stake." Hartnett v. Pennsylvania State Educ. Ass'n, 963 F.3d 301, 305 (3d Cir. 2020).

Standing and mootness are "two distinct justiciability doctrines." Id. at 306. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000). (parentheticals in original). At the start of litigation, the burden to establish a personal interest— and, thereby, standing— rests with the plaintiff, as the party seeking a federal forum. Hartnett, 963 F.3d at 305 (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Once a plaintiff has established standing, the burden shifts to the opposing party. If a defendant claims that a later development has mooted a case, and thus ended a plaintiff's personal interest in the case, it bears "[t]he heavy burden of persuading the court" that the dispute is truly moot. Friends of the Earth, 528 U.S. at 170.

A case "will be considered moot, and therefore nonjusticiable as involving no case or controversy, if 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Matter of Kulp Foundry, Inc., 691 F.2d 1125, 1128 (3d Cir. 1982) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). An action presents a case or controversy when it involves a legal controversy that (1) is real and not hypothetical, (2) affects an individual in a concrete manner, so as to provide the factual predicate for reasoned adjudication, and (3) involves sufficiently adverse parties so as to sharpen the issues for judicial resolution. In re Surrick, 338 F.3d 224, 229 (3d Cir. 2003).

The proper procedure for dismissing an action for mootness is Federal Rule of Civil Procedure 12(b)(1). See e.g., Mayer v. Wallingford-Swarthmore Sch. Dist., 405 F. Supp. 3d 637, 640 (E.D. Pa. 2019) ("Mootness is a proper basis for a 12(b)(1) motion to dismiss because the mootness doctrine implicates jurisdictional matters."). When, as here, a party presents a factual challenge to the Court's jurisdiction, the Court is not limited to the pleadings in resolving that challenge. See United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co., 839 F.3d 242, 251 (3d Cir. 2016) ("When a Rule 12(b)(1) motion is evaluated as a 'factual attack' on the Court's subject

matter jurisdiction, the court may consider evidence outside the pleadings in evaluating that attack.).

Dismissal "pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when the District Court lacks jurisdiction over the subject matter of the case." Goodmann v. People's Bank, 209 F. App'x 111, 113 (3d Cir. 2006). The Court lacks subject matter jurisdiction "when the controversy has become moot." Id.; see also Genesis Healthcare, 569 U.S. at 78-79 (2013) ("respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness. Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction."). In a putative class action, if the "claims of the named plaintiffs become moot before class certification, dismissal of the action is [generally] required." Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 343 (3d Cir. 2003).

Here, Plaintiff's refund has mooted her claims and the Court will dismiss the First Amended Class Action Complaint with prejudice. As an initial matter, the Court is not limited to the pleadings in addressing Defendant's argument. Defendant has raised a factual challenge to the Court's jurisdiction. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) ("[A] factual challenge . . . attacks the factual allegations

7

underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts.") Therefore, the Court will consider the signed declaration and its supporting documentation that Defendant has filed. [See Docket No. 28-4].

Defendant's declaration states that Plaintiff was credited "the exact amount of funds and reward points that [she] used to purchase the cancelled flight tickets from British Airways." [Id. at ¶ 6]. Plaintiff does not attempt to rebut either the existence of this refund or that it was issued in the correct amount. Indeed, Plaintiff brought this action because she was unable to receive an immediate refund for her airline ticket purchase from her credit card company- "Capital One handled flight cancellation services poorly for card members, so much so that consumers, including Plaintiff, have been left without travel and without a refund and/or reversal of charges and return of Rewards points." [Docket No. 5, at ¶ 24]. But that refund has now been issued, and Plaintiff has received both a "reversal of charges and [a] return of Reward points." The live Complaint states that Plaintiff was charged $4,906.31 for her purchase, and an exhibit to Defendant's declaration clearly shows a $4,906.31 refund. [Docket No. 28-5]. A related exhibit also shows a complete refund of all reward points. [Docket No. 28-6].

8

On this record, the Court must accept Defendant's factual challenge to subject matter jurisdiction. Plaintiff no longer has a concrete interest in the outcome in this case because she has received the very refund she was seeking. The First Amended Class Action Complaint repeatedly argues that Plaintiff is entitled to a refund for her canceled flights. This has been done. Therefore, Plaintiff's individual claims are moot.

Finally, Plaintiff contends that, even if her claims are moot, she should continue to serve as the class representative in this case. Specifically, Plaintiff argues that Defendant attempted to "pick-off" her claims to evade judicial review of its actions. Therefore, Plaintiff concludes, her claims should relate back to when she still had a live dispute, and the case can still proceed with her as the class representative.

The relation back doctrine "permits courts to relate a would-be class representative's (now moot) claim for relief back in time to a point at which that plaintiff still had a personal stake in the outcome of the litigation." <u>Richardson v. Bledsoe</u>, 829 F.3d 273, 279 (3d Cir. 2016). This doctrine is designed to prevent a defendant from evading class action litigation by "picking off" putative class representatives, or to avoid situations where the claims are "inherently transitory" or "capable of repetition yet evading review." <u>Id.</u>

The "picking off" exception requires a situation where "a plaintiff's individual claim for relief is acutely susceptible to mootness by the actions of a defendant. Id. (internal quotation marks omitted) (emphasis added). The concern underlying this doctrine is well understood: "[I]f defendants were allowed to 'pick off' would-be class representatives, the defendants might be able to ensure 'that no remedy could ever be provided for continuing abuses.'" Id. at 280 (quoting Blankenship v. Secretary of HEW, 587 F.2d 329, 333 (6th Cir. 1978)).

Those concerns, however, are not present here. Defendant's declaration clearly states that Capital One did not issue the refund, but instead processed British Airways's issuance of a refund. As a matter of policy, this difference is noteworthy, as it does not raise the same concerns that the picking off exception is intended to address. That the refund appeared in Plaintiff's Capital One account- the same account used to purchase the airline tickets- does not mean that Capital One issued the refund. Therefore, the Court will instead apply the "general rule" of mootness: "the mooting of named plaintiff's claim prior to class certification moots the entire case." Id. at 286.

Having found that the Court lacks subject matter jurisdiction over this matter, the Court will not address Defendant's remaining arguments.

### III. **CONCLUSION**

Thus, for the foregoing reasons, Defendant's Motion to Dismiss [Docket No. 28] is GRANTED. The First Amended Class Action Complaint is DISMISSED with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 5, 2021                     s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge